ORDERED.

**Dated:  November 12, 2021**

_(signature)_

Roberta A. Colton
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.: 8:21-bk-01866-RCT
                                                    Chapter 7
Stephanie Lauren Welch
Harry James Welch, 4th

             Debtor(s).
_____/

ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITORS AND PAY TRANSACTIONAL COSTS
(Re: 3019 39th St E Bradenton, FL 34208)

THIS CASE came on for consideration of Chapter 7 Trustee, Dawn A. Carapella's

("Trustee") Motion to Sell Real Property and Pay Transactional Costs (Doc. 32) (the "Motion").

The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice

legend informing the parties of their opportunity to respond within 21 days of the date of service;

no party filed a response within the time permitted.  The Court therefore considers the Motion

unopposed.  Accordingly, it is

**ORDERED**:

1.      The Motion (Doc. 32) is GRANTED and the sale to MAOTLC Holdings LLC, or

assigns, or ultimate purchaser, ("Buyer(s)") is approved.

2.      The Trustee is authorized to sell the estate's interest in real property located at

3019 39th St E Bradenton, FL 34208, more particularly known as:

From the Southwest corner of Lot 82, go North 274 feet for the Point of Beginning, thence North 137 feet, East 631 feet, more or less, to the East line of said Lot 82; thence South 137 feet and West 631 feet, more or less, to the Point of Beginning. lying in Elwood Park Subdivision in Section 4, Township 35 South, Range 18 East, Manatee County, Florida as per plat thereof recorded in Plat Book 2, page 76, of the Public Records of Manatee County, Florida.

(the "Real Property")

to Buyer(s) for the purchase price of at least $ 315,000.00, subject to the consent of lienholders,

and in accordance with the terms provided for in the Motion.

3.      The Trustee is authorized to execute any such releases, termination statements,

assignments, consents or instruments on behalf of any third party, including the holders of any

liens, claims or interests, that are necessary or appropriate to effectuate or consummate the sale.

Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related

documents that are reasonably necessary or appropriate to complete the sale, and to undertake

such other actions as may be reasonably necessary or appropriate to complete the sale.

4.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be

authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated

closing costs (estimated below):

Total Sales/Brokers Commission:
6% of base sale price to Fevil Patel of Fine Properties          $ 18,00.00*
*this commission is intended to be shared with a cooperating agent
Title Charges:                                                   $ 3,020.00
Government recording / transfer charges:                        $ 2,136.00
Satisfaction of Liens:
    Shellpoint Mortgage Servicing                            $ 221,384.76
    HUD                                                      $ 53,000.00
2021 Real Estate Property Taxes to Manatee County Tax Collector $ 2,262.68
Municipal Lien Search                                           $ 400.00

Without further order of the Court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard.

5.     Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

6.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

7.     The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

8.     No term contained in this order shall authorize lienholders of the Real Property to be compelled to accept payment of less than the full balance owed as of the date of closing in consideration of release of its lien.

9.      The 14 day stay period pursuant to Fed. R. Bank. P. 6004(h) is waived and this

Order shall be effective and enforceable immediately upon entry.


Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do
not receive service by CM/ECF and file a proof of service within three days of entry of the order.